# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THELMA L. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-441-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Thelma L. Harris requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 23, 1961, and was 43 years old at the most recent administrative hearing. She has a GED plus training as a certified nurse's aide and previously worked as a certified nurse's aide at a nursing home, line worker at a poultry plant, and home health provider. The claimant alleges she has been unable to work since June 11, 2000, because of back pain, headaches, and nausea.

## Procedural History

On June 14, 2000, the claimant protectively filed an application for disability benefits under Title II (42 U.S.C. § 401 *et seq*.) and an application for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq*.). The applications were denied. After a denial by the ALJ and the Appeals Council, the claimant appealed the decision to the United States District Court for the Eastern District of Oklahoma. On April 7, 2004, the district court remanded the case to the ALJ for further proceedings. After a supplemental hearing on April 26, 2005, ALJ Michael Kirkpatrick found the claimant was not disabled in a decision dated June 21, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant had a residual functional capacity ("RFC") to lift and/or carry up to ten pounds; standing and/or walking for no more than two hours in an eight-hour workday; sitting for no more than six hours in an eight-hour workday; and climbing, balancing, stooping, kneeling, crouching, and crawling no more than occasionally. The claimant was to avoid vibrations and hazardous work environments (Tr. 178). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work in the regional and national economies she could perform, *e.g.*, cashier, assembler, and bench worker (Tr. 185).

## Review

The claimant contends that the ALJ erred: (i) by finding she was not credible; (ii) by improperly assessing her RFC; and, (iii) by improperly determining there were other jobs she could perform. As part of her second contention, the claimant argues the ALJ failed to include an option to alternate sitting and standing during the workday and to specify the frequency with which she would need to do it in his RFC determination. The Court finds this argument persuasive.

The record reveals the claimant was examined by Dr. Steven Rowlan, M.D., in January 2005 for her complaints of back pain and mild arthritis in her knees. Examination revealed thoracic kyphosis and a possibility of mild scoliosis. The claimant's range of motion was decreased in her back, but she had full ranges of motion in her upper extremities,

neck, lower extremities, and knees. Dr. Rowlan completed a medical source statement (physical) and limited the claimant to lifting and/or carrying 20 pounds occasionally and less than ten pounds frequently; standing and/or walking for at least two hours in an eight-hour workday; and must alternate sitting and standing to relieve pain or discomfort. He included postural limitations of only occasional climbing, balancing, kneeling, crouching, crawling, and stooping, and he concluded the claimant should avoid vibrations and hazards such as machinery and heights. Dr. Rowlan based his findings on the claimant's chronic thoracic pain and clinical kyphosis and possible scoliosis (Tr. 229-34).

The ALJ gave Dr. Rowlan's opinion substantial weight (Tr. 184). His hypothetical question to the vocational expert ("VE") included an option for the claimant to alternate sitting and standing, which prompted the VE to opine that the claimant could perform the jobs of cashier (order clerk), assembler, bench type work (Tr. 252-53). Inasmuch as these were the jobs the ALJ concluded the claimant could perform (Tr. 185), it is clear that the ALJ intended to include an option to alternate sitting and standing in the claimant's RFC.

The ALJ did not, however, make any findings as to the frequency with which the claimant would need to alternate sitting and standing or include them in the hypothetical question posed to the VE. This was error, particularly because the ALJ determined the claimant could perform sedentary work, *i. e.*, the jobs of cashier, assembler, and bench worker. *See* Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *7 ("An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically . . . *The RFC assessment must be specific as to the frequency of the individual's*

*need to alternate sitting and standing.* ") [emphasis added]. *See also Maynard v. Astrue*, 2007 WL 495310, *slip op.* at *4 (10th Cir. Feb. 16, 2007) ("The ALJ's hypothetical does not comply with the emphasized language in the foregoing quotation because it provided no specifics to the VE concerning the frequency of any need Mr. Maynard may have to alternate sitting and standing and the length of time needed to stand. The RFC in the ALJ's hypothetical is therefore flawed as it pertains to a sit-stand option, and the VE's response is not a reliable basis for analyzing the erosion of the unskilled sedentary occupational base or the total number of jobs Mr. Maynard can perform[.]") [unpublished opinion]; *Vail v. Barnhart*, 84 Fed. Appx. 1, at *4 (10th Cir. 2003) ("The ALJ did not properly define how often Vail would need to change positions even "as needed[.]") [unpublished decision]; *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."), *quoting Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990).

In summary, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should: (i) specify in the RFC how frequently the claimant needs to alternate sitting and standing; (ii) present an appropriate hypothetical question to the VE incorporating all of these findings with the claimant's other limitations; and, (iii) re-determine whether the claimant is disabled.

**Conclusion**

For the reasons set forth above, the ruling of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further findings consistent with this Opinion and Order.

**DATED** this 29th day of March, 2007.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**